[No. D011798. Fourth Dist., Div. One. Mar. 11, 1991.]

HENRY KNASS, Plaintiff and Appellant, v.
BLUE CROSS OF CALIFORNIA, Defendant and Respondent.

COUNSEL

Lon F. Hurwitz for Plaintiff and Appellant.

Munger, Tolles & Olson, Vilma S. Martinez and Mark H. Epstein for Defendant and Respondent.

OPINION

FROEHLICH, J.—Henry Knass (Knass) appeals from a judgment affirming an arbitrator's award in favor of Blue Cross of California (Blue Cross). Since Knass did not challenge the award within the 100-day period provided by Code of Civil Procedure[1] section 1288, he may not now challenge it on appeal. We therefore affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Knass injured his leg on December 23, 1983. On the date of the injury he was insured by Blue Cross under an individual policy, effective October 15, 1983.

Three surgeries on three separate dates were required because of the injury. During the year following the accident Knass let his Blue Cross policy lapse twice by not paying the premiums. After the first policy lapse, he was allowed to reinstate the policy by paying the premium due. After the second lapse, he chose to buy a new policy so he would not have to pay for prior months. Blue Cross paid for the cost of the first two surgeries, but refused to pay for the third.

Knass filed suit against Blue Cross on April 4, 1985. In February 1989, he and Blue Cross stipulated to binding arbitration of their dispute.

The arbitrator found in favor of Blue Cross and against Knass on July 19, 1989. On September 25, 1989, the court ordered judgment entered on all claims in favor of Blue Cross and against Knass. Notice of entry of judgment was served on Knass on November 21, 1989.

On January 18, 1990, Knass filed this appeal, contending the arbitrator's award must be vacated because it is based on an error of law appearing on the face of the award, and has caused substantial injustice.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

DISCUSSION

I

Knass did not timely petition the superior court to vacate the arbitrator's award, thus he may not challenge it for the first time on appeal.

Arbitration is designed to provide expeditious resolutions of disputes. It is the "policy of the law . . . to favor arbitration as a means of providing a summary disposition of controversies, [and] every reasonable intendment is indulged to give effect to such proceedings." (6 Cal.Jur.3d, Arbitration and Award, § 1, pp. 11-12.) "Every presumption favors [an arbitration] award, and therefore the merits of an award, either on questions of law or fact, are generally not subject to review." (*Woodard* v. *Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 661 [217 Cal.Rptr. 514].) The superior court must vacate an arbitration award only if it determines that:

"(a) The award was procured by corruption, fraud or other undue means;

"(b) There was corruption in any of the arbitrators;

"(c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator.

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or

"(e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." (§ 1286.2.) Section 1288 requires that a petition to vacate or correct an award be served and filed no later than 100 days after the date of service of a signed copy of the award on the petitioner. Section 1286.4 provides that a court may not vacate an award unless (1) a petition or response requesting the award be vacated or corrected has been duly served, and (2) all petitioners and respondents are before the court or have been given proper notice.

The arbitrator's award was served on Knass's attorney on July 19, 1989. Knass made no challenge to the award until filing notice of appeal on

January 18, 1990, long after the 100-day period allowed under section 1288 had expired.

Knass contends he may challenge the award for the first time on appeal because under section 1287.4 a judgment confirming an arbitrator's award is subject to all provisions relating to any judgment in a civil action and may be appealed. We disagree. Knass waived his opportunity to challenge the award by allowing the 100-day period to expire. The fact the award was reduced to a judgment does not resurrect his opportunity to challenge it.

Since no California court appears to have addressed the precise question of whether a party may challenge an arbitration award for the first time on appeal, we have looked to other states. In so doing we have kept in mind that California's nonjudicial arbitration statute is unique to this state. There are, however, analogous provisions between California nonjudicial arbitration law and the Uniform Arbitration Act (Uniform Act), a system which has been adopted in several jurisdictions.[2] Relevant examples include California's section 1288, which requires that a petition to vacate an award be made within 100 days after date of service of the award on the petitioner, and section 12, subsection (b) of the Uniform Act, which requires that an application for vacation of an award be made within 90 days of delivery of a copy of the award to the applicant. Also in California, section 1294, subdivision (d) allows appeal from a judgment confirming an arbitration award, while section 19 of the Uniform Act allows an appeal to be made from a judgment or decree entered pursuant to the act, in the same manner and to the same extent as an appeal from an order or judgment in a civil action. Since rules for petitioning for vacation of awards and rules for appeal under the two systems are analogous, rules of law from states which have adopted the Uniform Act may give guidance here.

In the state of Minnesota, which is a subscriber to the Uniform Act, the case of *Wacker* v. *Allstate Ins. Co.* (1977) 312 Minn. 242 [251 N.W.2d 346] involved appellant Allstate's failure to take action for over 90 days after being served with the award of arbitration. Thereafter, the award was confirmed. Allstate then appealed. The Supreme Court of Minnesota ruled that the running of the statutory 90-day period precluded a challenge to the award on appeal. The Minnesota court pointed out that courts in several

---

[2] Prior to enactment of California's revised arbitration statute in 1961, the California Law Revision Commission considered the arbitration statutes and case law of other states and the Uniform Arbitration Act drafted by the National Conference of Commissioners on Uniform State Laws. The commission noted there were certain desirable features of the Uniform Act which should be incorporated into the California arbitration statute, but opined that necessary revision of the California law could not be accomplished by enactment of the Uniform Act. (Cal. Law Revision Com., Recommendation and Study Relating to Arbitration (1960) p. G-5.)

states have held that a motion to vacate an award is absolutely barred when it is not brought within the statutory period. (*Id.* at p. 350; see, e.g., *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 83-84 [111 Cal.Rptr. 274]; *Component Systems, Inc.* v. *Murray Ent. of Minn., Inc.* (1974) 300 Minn. 21 [217 N.W.2d 514, 516]; *Great American Ins. Companies* v. *LeMieux* (Minn.App. 1989) 439 N.W.2d 733, 735; *In re Mayo Realty Corporation* (1947 Supp.) 68 N.Y.S.2d 843, 844; *Heidelberger* v. *Cooper* (1949) 300 N.Y. 502 [89 N.E.2d 21]; *Schroud* v. *Van C. Argiris & Co.* (1979) 78 Ill.App.3d 1092 [398 N.E.2d 103, 106]; *State Farm Mut. Auto Ins. Co.* v. *Cabs, Inc.* (Colo. 1988) 751 P.2d 61, 67.) The court in *Wacker* reasoned since the appellant had not moved to vacate the award within the statutory period, there was nothing to review on appeal and thus the appeal must fail. (*Wacker* v. *Allstate Ins. Co.*, *supra*, 251 N.W.2d at p. 350.)

We agree with this reasoning. In order to comply with the purpose of expeditious resolution of disputes through arbitration, time limits in which to challenge arbitration awards must be strictly enforced. (See *Davis* v. *Calaway* (1975) 48 Cal.App.3d 309, 311 [121 Cal.Rptr. 570]; *Hirsch* v. *Ensign* (1981) 122 Cal.App.3d 521, 530-531 [176 Cal.Rptr. 17]; *Banks* v. *Milwaukee Ins. Co.* (1966) 247 Cal.App.2d 34, 36-37 [55 Cal.Rptr. 139, 36 A.L.R.3d 933].) Permitting a party to wait until after judgment to challenge an award would undermine the purpose of arbitration proceedings—to resolve disputes quickly. The requirement that a petitioner challenge an award within the 100-day limit "places a burden upon those who would attack the award to act promptly or acquiesce in its enforcement." (Comment, *Some Problems Relating to Enforcement of Arbitration Awards Under the New California Arbitration Act* (1962) 9 UCLA L.Rev. 422, 433.)

██ "Legislative intent should be gathered from the whole act rather than from isolated parts or words." (58 Cal.Jur.3d, Statutes, § 105, pp. 478-479.) "The rules of statutory construction require that a reasonable construction be allowed all the statutes so that effect is given to every provision in all of them, and that they be construed in harmony, if possible." (*Woodard* v. *Southern Cal. Permanente Medical Group, supra*, 171 Cal.App.3d at p. 664.) ██ Although section 1287.4 allows an appeal from a judgment confirming an arbitrator's award, we find no indication that the section contemplates allowing a party to bypass the procedures which provide for limited review by the superior court. As the Minnesota court observed in *Wacker*, since the appellant did not petition to vacate the award during the statutory period, there is nothing to review and the appeal must fail.

The arbitration statute is clear. A party to an arbitration proceeding must challenge an award under section 1288 by a petition to vacate or correct the award within 100 days of service of the award. An appeal of the judgment

confirming the award may not be used to circumvent the prescribed time allowed to petition for vacation or correction of an award.

## II

■ Blue Cross requests this court to tax double costs against Knass for instituting this appeal. Sanctions for an appeal which is frivolous or taken only for the purpose of delay are authorized under section 907. California Rules of Court, rules 26(a) and 135 permit penalizing attorneys and parties for frivolous appeals. (9 Witkin, Cal. Procedure (1985) Appeal, § 532, pp. 516-517.) Cases which discuss frivolous appeals apply two general categories of analysis: objective and subjective. The subjective standard looks to the motives of the appellant and applies the penalty when the purpose of the appeal appears to have been delay. The objective standard considers whether a reasonable person would agree that the appeal was completely without merit and therefore frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649 [183 Cal.Rptr. 508, 646 P.2d 179].) Because we do not find Knass's appeal totally without merit, Blue Cross's request to tax double costs is denied.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

Work, Acting P. J., and Huffman, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 23, 1991.