**Chris McCLELLAND, Claimant,**

v.

**Edward Michael AZRILYAN,
et al., Respondents.**

No. 97–1289–CV–W–9.

United States District Court,
W.D. Missouri,
Western Division.

March 31, 1998.

Barry D. Estell, Mission, KS, for Chris McClelland, plaintiff.

John Joseph Squieri, Atlantic Beach, NY, pro se.

John Joseph Squieri, Atlantic Beach, NY, for Edward Michael Azrilyan, Timothy Alan Hills.

*ORDER DENYING RESPONDENT SQUERI'S MOTION FOR ORDER STAYING CONFIRMATION OF ARBITRATION AWARD; DENYING RESPONDENT SQUERI'S MOTION FOR ORDER VACATING ARBITRATION AWARD; GRANTING CLAIMANT'S MOTION TO SEVER CLAIM AGAINST RESPONDENT AZRILYAN; AND GRANTING CLAIMANT'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD*

BARTLETT, Chief Judge.

This case is before the Court to conduct post-arbitration proceedings under the Fed-

eral Arbitration Act (FAA), 9 U.S.C. §§ 1–16. On July 22, 1997, a National Association of Securities Dealers (NASD) arbitration panel entered a written arbitration award for the claimant, Chris McClelland. The arbitration panel held respondents Edward Azrilyan, John Squeri, and Timothy Alan Hills jointly and severally liable to McClelland for $120,000. According to claimant, the parties were notified of the award on or about August 1, 1997.

On September 23, 1997, claimant filed a Motion for Order Confirming Arbitration Award pursuant to 9 U.S.C. § 9. On September 25, 1997, before any responsive suggestions were filed, claimant filed an Amended Motion for Order Confirming Arbitration Award.

On October 23, 1997, respondent John Squeri, proceeding pro se, filed a Motion for Order Staying Confirmation of Arbitration Award. In that motion, Squeri stated that he had filed a motion with the NASD Office of Dispute Resolution requesting that the NASD reopen the arbitration. Squeri requested that this Court stay any order confirming the arbitration award until after the NASD Office of Dispute Resolution had made a final determination about whether to reopen the arbitration. Squeri also stated that pursuant to 9 U.S.C. § 12, he had until October 31, 1997 to move to vacate the NASD award and that he wished to "preserve his right to petition the court to vacate the award should the NASD resolve this issue unfavorably to Mr. Squeri."

On December 9, 1997, Squeri filed a pro se motion to vacate the arbitration award pursuant to 9 U.S.C. § 10 and for an order "Remanding the Case to the NASD Arbitration Panel to be Heard in Conformity with the NASD Code of Arbitration."

On January 22, 1998, McClelland moved pursuant to Rule 21, Federal Rules of Civil Procedure, to sever his claim against Azrilyan from his claims against Squeri and Hill.

## I.

### RESPONDENT SQUERI'S MOTION FOR ORDER STAYING CONFIRMATION OF ARBITRATION AWARD

In his Motion for Order Staying Arbitration Award, Squeri requested that I "stay the order confirming the arbitration award until the NASD Office of Dispute Resolution has made a final determination as to whether the arbitration will be reopened."

On November 14, 1997, claimant filed its Second Response to Motion for Stay of Confirmation of Arbitration Award along with a copy of a letter dated November 7, 1997, from William B. Kimme, Senior Attorney with NASD Regulation, Inc., to claimant's counsel, which stated that Squeri's Motion for Reconsideration and Reopening of the Hearing had been denied. On December 9, 1997, in his Motion for Order Vacating Arbitration Award, Squeri stated that "the NASD has declined to reopen the arbitration."

In his motion, Squeri has not cited any authority requiring a federal court to postpone its ruling on a motion to confirm an arbitration award pending the resolution of a request to the arbitrator to reconsider its decision. Furthermore, based on the letter submitted by claimant and based on the statements made in Squeri's Motion for Order Vacating Arbitration Award, Squeri has achieved what his motion sought, i.e., to delay a decision in this case until the NASD decided whether to reopen the arbitration. Therefore, the Motion for Order Staying Confirmation of Arbitration Award will be denied.

## II.

### RESPONDENT SQUERI'S MOTION TO VACATE ARBITRATION AWARD

Squeri moves pursuant to 9 U.S.C. § 10 for an order vacating the NASD panel's arbitration award and remand the case to be heard in conformity with the NASD Code of Arbitration. Squeri argues that an order vacating the arbitration award is appropriate because he was deprived of his right to a fundamentally fair hearing during the proceedings before the NASD.

In addition to responding to the merits of Squeri's motion, claimant argues that the motion is time-barred because Squeri did not serve notice of the motion within three

months from the time the arbitration award was delivered as required by the FAA.

▮ "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Piccolo v. Dain, Kalman & Quail, Inc.,* 641 F.2d 598, 600 (8th Cir.1981). Title 9 U.S.C. § 12 states:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within the three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. . . .

Service of pleadings and motions in this Court is governed by Rule 5, Federal Rules of Civil Procedure. Rule 5 requires that pleadings, motions, and other papers "shall be served upon each of the parties . . . by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court." Rule 5(a)-(b).

According to claimant, the parties received notice of the arbitration panel's decision on August 1, 1997. Defendant has not disputed claimant's assertion. To satisfy the three-month limit imposed by 9 U.S.C. § 12, Squeri would have had to serve McClelland with notice of the Motion to Vacate on or before October 31, 1997.

Squeri's Motion for Order Vacating Arbitration Award was not filed until December 9, 1997. Attached to that motion was an unsigned, undated statement that copies were sent via Federal Express to McClelland's attorneys. Assuming that the copies to McClelland's attorneys were mailed at about the same time as the motion was filed—and Squeri has not stated any reason why that is not the case—Squeri did not serve McClelland or his attorneys with the motion to vacate until over a month after the three-month time limitation expired. Therefore, in the absence of circumstances giving rise to a tolling of the limitations period, Squeri's motion is barred by 9 U.S.C. § 12.

### A. *Exceptions to the Three–Month Notice Requirement*

▮ Squeri argues that he was attempting to seek relief from the NASD before serving notice of his Motion to Vacate. Therefore, Squeri argues that his due diligence in seeking relief from the NASD excuses his failure to comply with the time limits provided in § 12.

The Federal Arbitration Act does not provide for any statutory exceptions to the three-month service requirement. Furthermore, the Eighth Circuit Court of Appeals has questioned the existence of a "due diligence" exception excusing a party for failing to make a timely motion to vacate an arbitration award. *See Piccolo,* 641 F.2d at 601 (discussing *Holodnak v. Avco Corp.,* 381 F.Supp. 191 (D.Conn.1974), *rev'd in part on other grounds,* 514 F.2d 285 (2d Cir.1975)). On facts similar to those in this case, the Eighth Circuit Court of Appeals rejected the argument that a party's failure to make a timely motion to vacate an arbitration award should be excused by "due diligence" in attempting to comply with the three-month limitation. *Piccolo,* 641 F.2d at 600–01 (holding that "due diligence" exception did not excuse parties' failure to satisfy the three-month notice requirement when the parties had waited to file and serve notice of their motion to vacate in federal court until after they failed in their attempts to obtain a new hearing through the NASD).

Here, as in *Piccolo,* Squeri's efforts to seek relief from the NASD do not constitute "due diligence" sufficient to relieve Squeri of his obligation to serve notice of the motion within three months. Squeri has not offered any reason why he could not have filed his motion in federal court before the expiration of the three-month time limit at the same time that he was also pursuing relief with the NASD. Despite the fact that he was proceeding pro se in this matter, Squeri was aware of the three-month limitation imposed by 9 U.S.C. § 12. *See* Motion for Order Staying Confirmation of Arbitration Award ¶¶ 2–3. Squeri's mistaken belief that he could "preserve his right to petition the court to vacate

the award" by stating his intent to do so in his October 23, 1997, motion does not provide him with an excuse for his failure to comply with § 12.

B. *Squeri's Argument that the Motion to Vacate Relates Back to the Date that the Motion for Order Staying Confirmation of Arbitration Award was Filed*

Squeri argues that the Motion to Vacate was nevertheless filed timely because the Motion for an Order Vacating the Arbitration Award should be treated as an amendment to the Motion for Order staying Confirmation of Arbitration Award. Pursuant to Rule 15(c), Federal Rules of Civil Procedure, Squeri argues that the filing date for the Motion for Order to Vacate should relate back to the filing date for the Motion for Order Staying Confirmation of Arbitration Award, which was filed and served on McClelland before the three-month time limit expired.

At least two courts have recognized that the rules governing amendments of pleadings in Rule 15, Federal Rules of Civil Procedure, apply to amendments to motions to confirm or vacate an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9–12. *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378, 1382 (11th Cir.1988); *International Chemical Workers Union v. Mobay Chemical Corp.,* 755 F.2d 1107, 1110 (4th Cir.1985). In applying the provisions of Rule 15 to a motion to vacate an arbitration award, the *Bonar* court reasoned that "although technically called a 'motion,' the papers filed by a party seeking to confirm or vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in district court." *Bonar,* 835 F.2d at 1382. In *Bonar,* the court held that a party's amended motion to vacate an arbitration award related back to the date of the original motion to vacate the arbitration award which was filed within the limitations period. *Id.* at 1382.

Rule 15(c) provides in relevant part that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "Rule 15(c) is designed to allow the addition of new claims only if there is no unfair surprise or prejudice. The rule does not contemplate depriving defendants of the protection of a statute of limitations." *Fuller v. Marx,* 724 F.2d 717, 720–21 (8th Cir.1984) (internal citations omitted).

For three reasons, I conclude that Squeri's Motion to Vacate the Arbitration Award does not relate back to the date that the Motion for Order Staying Confirmation of Arbitration Award was filed.

First, in this case, unlike the *Bonar* case, the motion that Squeri filed within the limitations period was not a motion to vacate the arbitration award but was instead a motion requesting the Court to postpone any ruling on McClelland's motion to confirm the arbitration award. While a motion to vacate or confirm an arbitration award in a post-arbitration proceeding is arguably analogous to a complaint or a counterclaim in a civil case, Squeri's Motion for Order Staying Confirmation of Arbitration Award is not a motion to vacate or confirm an arbitration award. Thus, Rule 15 cannot be applied by analogy in this case.

Second, the Motion to Vacate the Arbitration Award does not arise out of the same "conduct, transaction, or occurrence" as the Motion for Order Staying Confirmation of Arbitration Award. The Motion for Order Staying Confirmation of Arbitration Award sought a delay of the instant case pending Squeri's pursuit of potential remedies with the NASD Office of Dispute Resolution. In contrast, the Motion to Vacate sought to challenge the procedures employed in the underlying arbitration.

Third, allowing relation back would have the effect of denying McClelland the protection of the three-month notice requirement. Therefore, relation back would not be appropriate here even if it were determined that the motion to vacate and the motion to stay confirmation arose out of the same "conduct, transaction, or occurrence," i.e., the same arbitration proceeding.

The three-month limitations period in 9 U.S.C. § 12 serves two purposes. First,

like other statutory limitations provisions, it ensures that the opposing party is "notified of litigation concerning a particular occurrence" within a reasonable time. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3, 104 S.Ct. 1723, 1725 n. 3 (1984). Second, the time limit imposed by § 12 furthers Congress' intent to make arbitration a fast, efficient and inexpensive substitute to litigation in federal court. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); *cf. Knass v. Blue Cross of California*, 228 Cal.App.3d 390, 279 Cal. Rptr. 124, 126 (Cal.App.1991) (discussing the purpose of arbitration).

In this case, allowing Squeri's motion to vacate to relate back to the date the motion for a stay of confirmation was filed would undermine the purposes of the three-month notice requirement. First, Squeri's statement that he "wishe[d] to preserve his right to petition the court to vacate the award should the NASD resolve this issue unfavorably to Mr. Squeri" did not give McClelland notice about the specific grounds on which Squeri would seek to have the arbitration award vacated. Rather, the statement merely informed McClelland that Squeri might, at some future date, move to vacate the award in federal court. Therefore, prior to the expiration of the three-month limitations period, McClelland did not have fair notice of what Squeri claimed were his grounds for seeking to vacate the award. *See Baldwin County*, 104 S.Ct. at 1725 n. 3.

Second, accepting Squeri's relation back argument would conflict with the intent to make arbitration a quicker, more efficient, and less costly alternative to litigation in court. Certainly, the FAA seeks to protect the due process rights of parties involved in arbitration by allowing for limited federal court review of arbitration decisions. However, Squeri had from August 1, 1997, to October 31, 1997, to file a motion to vacate the arbitration award, and he has not offered any persuasive reason why he did not do so.

Because allowing Squeri's Motion to Stay to relate back to the date he filed his Motion for a Order Staying Confirmation of Arbitration Award would have the effect of denying McClelland the protections afforded by the three-month notice requirement in 9 U.S.C. § 12, relation back will not be allowed.

Because Squeri's Motion to Vacate was not filed timely, it will be dismissed.

### III.

### CLAIMANT'S MOTION TO SEVER CLAIM AGAINST EDWARD AZRILYAN

■ Pursuant to Rule 21, Federal Rules of Civil Procedure, McClelland requests to have his claim against Azrilyan severed from his claims against Squeri and Hills. McClelland argues that his claim against Azrilyan should be severed because Azrilyan has filed for bankruptcy, triggering the automatic stay provisions of the bankruptcy code. None of the respondents has filed suggestions in opposition to McClelland's motion, and the time to respond has expired.

Rule 21, Federal Rules of Civil Procedure states in relevant part:

> Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Because no party has filed an opposition to McClelland's motion, I will assume that no party objects to having McClelland's claims against Squeri and Hills severed from his claims against Azrilyan.

Therefore, pursuant to Rule 21, McClelland's motion to sever will be granted. The claims against Azrilyan will be dismissed without prejudice unless McClelland files a separate action against Azrilyan and pays a new filing fee within 20 days from the date of this order. If McClelland does so, the filing date for the new case will relate back to the date this case was originally filed.

### IV.

### CLAIMANT'S MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

McClelland seeks confirmation of the arbitration award for $120,000 against Squeri

and Hills, jointly and severally. McClelland also seeks post-award interest at the rate prescribed by Rule 10330(h) of the NASD Arbitration Rules. Hills has not filed any suggestions in opposition to the motion for confirmation of the arbitration award. Squeri did not file any suggestions in opposition to the motion other than the suggestions he filed in support of his motion to vacate the arbitration award.

■ The FAA provides that if a motion for an order confirming an arbitration award is filed within one year after the award is made, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986).

■ Here, I have already concluded that Squeri's Motion to Vacate the Arbitration Award should be denied because it was not filed timely. For that reason, and because neither respondent has offered any other reason why McClelland's motion for an order of confirmation should not be granted, McClelland's Motion for an Order Confirming Arbitration Award will be granted.

■ If a court reviewing an arbitration award pursuant to the FAA does not vacate or modify the arbitration award, the arbitration award is conclusive as to the rights of the parties. *Americas Ins. Co. v. Seagull Compania Naviera,* 774 F.2d 64, 67 (2d Cir. 1985); *Marion Manufacturing Co. v. Long,* 588 F.2d 538, 541 (6th Cir.1978). Therefore, post-judgment interest should be calculated from the date of the arbitration award rather than from the date of the court's judgment confirming the award. *Marion Manufacturing Co.,* 588 F.2d at 541. Because the district court's judgment "should reflect what would have happened had the parties immediately complied with the awards instead of going to court," *Americas Ins. Co.,* 774 F.2d at 67 (citing *Marion Manufacturing Co.,* 588 F.2d at 542), the court should look to the arbitration forum's rules in determining the proper method for calculating post-award interest.

The copy of the NASD Regulation, Inc.'s rules submitted by claimant states that:

> An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

NASD Regulation, Inc., *Code of Arbitration Procedure* (August 1996), Rule 10330(h).

■ The written opinion issued by the arbitration panel is silent on the issue of post-award interest. Therefore, Rule 10330(h) requires that the award bear interest at the legal rate set by Missouri law. The statutory post-judgment interest rate under Missouri law is 9% per annum. Mo. Rev.Stat. § 408.040(1). Therefore, McClelland is entitled to post-judgment interest at the rate of 9% per annum from the date of the arbitration award.

## V.

## CONCLUSION

Accordingly, it is ORDERED that:

1) respondent Squeri's Motion for Order Staying Confirmation of Arbitration Award (Doc. No. 4) is denied;

2) respondent Squeri's Motion for Order Vacating Arbitration Award and for Order Remanding Case to NASD Arbitration Panel to be Heard in Conformity with the NASD Code of Arbitration (Doc. No. 7) is denied;

3) claimant's Motion to Sever Claim Against Edward Azrilyan (Doc. No. 9) is granted;

4) claimant's claims against respondent Azrilyan is dismissed unless, within 20 days from the date of this order, claimant files with the Clerk of the Court a separate case against Azrilyan and pays a separate filing fee;

5) claimant's Motion for Order Confirming Arbitration Award (Doc. No. 3) is granted as to respondents Squeri and Hills; and

6) respondents Squeri and Hills, jointly and severally, shall pay claimant McClelland the amount of $120,000 plus interest at 9% per annum from the date of the arbitration award.