Filed 9/25/24  Blum Collins v. Cooper CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BLUM COLLINS, LLP,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ERIK COOPER,<br><br>        Defendant and Appellant. | B324759<br><br>(Los Angeles County<br>Super. Ct. No. 22STCP00957) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Robert S. Draper, Judge.  Affirmed.
        Erik Cooper, in pro. per., for Defendant and Appellant.
        Blum Collins & Ho and Gary (Chia Heng) Ho for Plaintiff and Respondent.

Defendant and appellant Erik Cooper, doing business as Acuity Consulting Services (Acuity),[1] appeals from a judgment confirming an arbitration award against him and in favor of plaintiff and respondent Blum Collins, LLP (Blum Collins), a law firm. We affirm.

## FACTS AND PROCEEDINGS BELOW

### A. *The Parties' Agreement*

The parties' arbitration agreement is contained in a January 22, 2019 letter from Cooper, on behalf of Acuity, to Steve A. Blum and Craig M. Collins of Blum Collins, which is countersigned by Blum and Collins, regarding "Woolsey Fire Catastrophe . . . Proposal for Risk Management & Insurance Consulting Services" (the letter agreement). (Boldface omitted.) The letter agreement provides that it "shall serve to memorialize our discussions of agreeable terms and conditions for risk management and insurance consulting services to be provided by Acuity . . . in and for the captioned matter." The parties apparently agreed on a $25,000 retainer deposit for "reasonable and necessary out of pocket expenditures."[2]

An addendum to the letter, entitled "proposal for risk management [and] insurance consulting services," identifies

---

[1] The record reflects that Acuity is Cooper's fictitious business name, and thus not a separate legal entity. (See *Pinkerton's, Inc. v. Superior Court* (1996) 49 Cal.App.4th 1342, 1348 ["[u]se of a fictitious business name does not create a separate legal entity"].) Therefore, Cooper is the sole appellant.

[2] No party contends on appeal that a $50,000 retainer was paid (or should have been paid), as the language of the letter agreement suggests.

2

the "proposed services" at issue as "exclusive marketing and consulting for prospective clients" and outlines several "conditions." (Boldface & capitalization omitted.) Among these conditions is the following, regarding "dispute resolution: any disputes arising out of this agreement between the parties will be resolved through binding arbitration with the American Arbitration Association [(AAA)] in Los Angeles County, California, using a single arbitrator." (Capitalization omitted.)

### B.  *Blum Collins Initiates Arbitration*

On November 20, 2020, Blum Collins filed a demand for arbitration with the AAA, seeking to recover the $25,000 retainer deposit it alleged it had paid pursuant to the letter agreement. In response, Cooper filed with the arbitrator a motion to "dismiss [the] arbitration for various reasons and for a preliminary hearing" as well as an "answering statement and counterclaim."[3] (Capitalization omitted.) The counterclaim sought over $700,000 for services Cooper alleged he had provided to Blum Collins.

### C.  *Cooper's Declaratory Relief Lawsuit Against Blum Collins*[4]

After arbitration had commenced, on April 26, 2021, Cooper filed suit against Blum Collins seeking a judicial

---

[3] Neither of these documents is contained in the record on appeal. We base our summary of these facts on the description of the arbitration proceedings contained in the arbitration award.

[4] Respondent's briefing references this lawsuit. On our own motion, we take judicial notice of the fact of this lawsuit, as well as the fact of various filings therein, and the judgment. (See

declaration that the letter agreement was "not legally valid, binding or enforceable" as well as a permanent injunction of the arbitration between Blum Collins and Cooper on this same basis. Cooper also moved to stay the pending arbitration on the bases that the arbitration agreement was unenforceable, procedurally and substantively unconscionable, the product of coercion and misrepresentations, and contained insufficiently definite terms.

Blum Collins moved the court to compel arbitration of Cooper's declaratory relief claim and dismiss Cooper's lawsuit. The court granted Blum Collins's motion and denied Cooper's motions. The final judgment "ordered, adjudged, and decreed" (boldface & capitalization omitted) that "[t]he arbitration clause in the parties' January 22, 2019 [a]greement is enforceable," and that Blum Collins's arbitration claim against Cooper and Acuity had been "properly initiated and prosecuted and shall proceed to a final arbitration award." Cooper did not appeal this judgment.

### D. *Final Arbitration Award and Court Order Confirming It*

In a December 28, 2021 "final award," the arbitrator ruled in Blum Collins's favor on its claim for return of the retainer deposit. (Boldface & capitalization omitted.) The award noted that it had earlier "dismissed" Cooper's counterclaim, and that

---

Evid. Code, § 452; *id.*, subd. (d) ["[j]udicial notice may be taken of" "[r]ecords of . . . any court of this state"]; *People v. Franklin* (2016) 63 Cal.4th 261, 280 [a court " ' "may take judicial notice of the existence of each document in a court file" ' "].)

4

the award "resolve[d] all claims and defenses in this case."[5] The arbitrator found that Cooper had not returned the retainer funds when Blum Collins requested he do so, and that Cooper "never used the retainer for any legitimate expenses for the benefit of [Blum Collins] or its clients." The award ordered Cooper to pay Blum Collins a total of $33,381.25.[6]

On March 16, 2022, Blum Collins petitioned the Los Angeles Superior Court to confirm the arbitrator's award and filed a proof of service on Cooper of that petition and the associated summons. This petition instituted a new superior court case distinct from Cooper's declaratory relief action, which the court assigned to a different judicial officer than the officer who had presided over the declaratory relief lawsuit, which by this time had concluded. Cooper did not file an opposition or substantive response to the petition. Rather, he moved to quash service of summons[7] regarding the petition on the basis that he had never received the petition and summons.

The court "found that Cooper had filed perjurious declarations with the court and made perjurious statements to the court" regarding the lack of service. (Capitalization omitted.)

---

[5] The arbitrator's order dismissing the counterclaim states that it is doing so on Blum Collins's motion and based on Cooper's failure to file the requisite arbitration fees.

[6] The award includes: $25,000 deposit amount, plus AAA administrative fees totaling $925.00 and the arbitrator's compensation of $7,906.25.

[7] Cooper captioned this pleading "joint notice of non[-]service of petition and summons." (Boldface & capitalization omitted.) The court deemed it to be a motion to quash.

The court also found that Blum Collins had properly served Cooper, denied Cooper's motion to quash, and granted the petition to confirm the arbitration award.

On June 28, 2022, Cooper filed three related documents: (1) a motion for reconsideration of the June 10, 2022 order claiming that the judicial officer was "biased against [Cooper]" and had engaged in "misconduct" by, inter alia, preventing Cooper from seeking legal representation and refusing to allow him to file a pleading or present evidence in response to the petition; (2) a "motion to recuse" the presiding judicial officer on these same bases (boldface & capitalization omitted); and (3) an opposition to Blum Collins's proposed judgment implementing the court's June 10, 2022 order, in which Cooper argued the court should not enter any judgment because Cooper's concurrently-filed motions, as well as "a federal court civil action involving the same parties" were still pending, and that the proposed judgment's language "inaccurately represent[ed] the merits of the arbitration award." (Italics & underscoring omitted.)

The court struck Cooper's "motion to recuse" on the bases that the motion demonstrated on its face that no legal ground for disqualification existed (see Code Civ. Proc., § 170.4, subd. (b)) and that Cooper had not served the judicial officer with the motion. In striking the motion, the court issued a detailed written ruling addressing Cooper's allegations of misconduct, accompanied by a verified answer of the judicial officer.

At Cooper's request, the court continued the hearing on the motion for reconsideration and, following the hearing, denied Cooper's motion. The court did so on the basis that Cooper's "perception of bias [of the bench officer] [did] not constitute evidence or authority that would justify reconsideration."

6

On August 12, 2022, apparently over Cooper's objection, the court entered a judgment that contained Blum Collins's proposed language confirming the arbitration award. The judgment referenced an arbitral finding that Cooper had neither provided services to Blum Collins, nor incurred any legitimate expenses on the firm's behalf. It awarded Blum Collins $33,831.25 plus the costs of the suit, and awarded Cooper nothing on his counterclaim. On October 10, 2022, Cooper filed a notice of appeal from the judgment.[8]

## DISCUSSION

On appeal, Cooper challenges the judgment on the following bases: (1) The court denied him due process in various ways, including by judicial misconduct, denying him time to retain counsel, and denying him a disability accommodation; (2) Blum Collins's claim presented in arbitration was without merit; and (3) The arbitrator lacked jurisdiction to decide the dispute, because the dispute was outside the scope of the arbitration agreement.

Cooper provides no record citations to support most of his factual assertions related to due process. The few record citations he does provide do not support the misconduct and other improprieties for which they are cited. Thus, Cooper has

---

[8] Cooper opted to proceed on appeal with a settled statement. In a September 29, 2023 order, the court rejected the parties' proposed statements and filed its own settled statement. Although Cooper's briefing on appeal casts aspersions on the accuracy of the settled statement, he does not offer any legal argument as to why the court erred in adopting it. Accordingly, we accept it as the record of the proceedings below.

7

forfeited these arguments and we do not consider their merits.[9] (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["[r]ather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record"].)

Cooper's argument regarding the merits of Blum Collins's claims—namely, that Blum Collins failed to present sufficient evidence supporting those claims, and that the claims are in any event barred by the litigation privilege and the *Noerr-Pennington* doctrine[10]—are not among the bases on which a court is empowered to vacate or correct an arbitration award. (See Code Civ. Proc., § 1286.2 [exclusive bases for vacating arbitral award]; *id.*, § 1286.6 [exclusive bases for correcting arbitral award].) "[A]n arbitrator's legal, as well as factual, determinations are final and not subject to judicial review." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 31.)

Lastly, Cooper contends that the arbitration agreement covered only disputes regarding marketing services, not "consulting and litigation consulting services," and thus that "[t]he arbitration order incorporates matters the parties did not agree to arbitrate and [that were therefore] beyond the jurisdiction of [the] arbitrat[or]." But Cooper did not make this argument to the trial court before the court confirmed the

_____

[9] We note, however, that in the course of preparing our opinion and reviewing the record in connection with Cooper's numerous other arguments, we have seen nothing in the record to support the misconduct and other improprieties Cooper alleges.

[10] See *Eastern R. Conf. v. Noerr Motors* (1961) 365 U.S. 127 and *Mine Workers v. Pennington* (1965) 381 U.S. 657.

arbitration award.  He did not file a motion to vacate the award on this basis (see Code Civ. Proc., § 1286.2, subd. (a)(4); see also § 1286.6, subd. (b) [basis for correction or vacatur of award if the arbitrator exceeded the scope of his powers in arbitration]), nor did he raise the issue by opposing the petition to confirm the award.  (See Code Civ. Proc., § 1286.4 [contemplating vacatur of arbitration award based on argument raised in a "petition or response"].)  Having failed to raise the issue with the trial court, Cooper has forfeited the right to challenge the court's judgment on this ground.  (See *Woodward Park Homeowners Assn., Inc. v. City of Fresno* (2007) 150 Cal.App.4th 683, 712 ["[a]s a general rule, an appellate court will not review an issue that was not raised by some proper method by a party in the trial court"]; *Knass v. Blue Cross of California* (1991) 228 Cal.App.3d 390, 395 (*Knass*) [argument that would have provided a ground for vacating an arbitration award forfeited because appellant raised it for the first time on appeal from judgment confirming award]; accord, *Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648, 658.)

We acknowledge that Cooper challenged the arbitrability of the dispute in his separate declaratory relief action—an action that Cooper filed only after voluntarily beginning arbitration. But even then, he did not raise his current argument that the award resolves a dispute outside the scope of the letter agreement's arbitration provision.  We thus need not decide whether, if had Cooper raised in a separate lawsuit the argument he now attempts to make on appeal, this would have been sufficient to avoid forfeiting the argument for purposes of this appeal.

9

In sum, Cooper appears to have willingly commenced arbitration in response to the demand Blum Collins filed with the AAA, willingly brought a counterclaim in that arbitration, then failed to timely raise his argument that the parties' dispute was outside the scope of the arbitration agreement—despite multiple opportunities to do so. Under such circumstances, Cooper has forfeited the argument. (See *Fagelbaum & Heller LLP v. Smylie* (2009) 174 Cal.App.4th 1351, 1359 [appellant can forfeit an argument by raising it "for the first time on appeal from [a] judgment[ ] confirming [an arbitration] award[ ], without having objected [on this basis] prior to submission or having filed petitions to vacate within 100 days after the issuance of the award"]; *Knass, supra,* 228 Cal.App.3d at p. 394 [where parties had stipulated to arbitration, appellant "waived his opportunity to challenge the [resulting arbitration] award by" failing to file a timely motion to vacate; "[t]he fact the award was reduced to a judgment does not resurrect his opportunity to challenge it"].) The unfairness to both the court and the opposing party from considering Cooper's argument now is patent, given that the court was never asked to consider the scope of the arbitration agreement before ruling on the petition to confirm, and Blum Collins was never afforded the opportunity to argue or present evidence regarding that issue below. Application of the forfeiture rule here thus serves "[t]he main purpose of the forfeiture rule . . . to protect the trial court and the opposing party from unfairness." (*Hartley v. Superior Court* (2011) 196 Cal.App.4th 1249, 1260.)

## DISPOSITION

The judgment is affirmed.  Respondent Blum Collins shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


KLINE, J.*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.