[Civ. No. 51848. Second Dist., Div. One. Aug. 30, 1978.]

WILLIAM J. KLUBNIKIN, Plaintiff and Appellant, v.
CALIFORNIA FAIR PLAN ASSOCIATION,
Defendant and Respondent.

**COUNSEL**

Schnider & Schnider and Robert T. Schnider for Plaintiff and Appellant.

Long & Levit and Myron S. Meisel for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a summary judgment which holds that an award of appraisers determined the amount payable by California Fair Plan upon a policy of fire insurance covering a building owned by William Klubnikin. We conclude that: (1) "appraisers" empowered by the terms of a policy of fire insurance to determine the "cash value" and "loss" utilized to ascertain the amount payable on the policy are arbitrators within the meaning of Code of Civil Procedure section 1280; (2) an award of the appraisers unchallenged within the time provided by Code of Civil Procedure sections 1288 and 1288.2 and confirmed by the superior court is final; and (3) because Klubnikin failed to file and serve a petition to vacate the award of the appraisers within that period, and because that award has been confirmed by the superior court, Klubnikin's independent action upon the contract seeking damages in excess of the amount granted in the award of the appraisers is barred. We therefore affirm the summary judgment.

California Fair Plan issued its policy of fire insurance in the amount of $12,000 covering a "Class D building occupied as [a] church" owned by Klubnikin. The policy insures the property "to the extent of [its] actual cash value . . . at the time of loss . . . ."

The policy states: "In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser . . . . The appraisers shall first select a competent and disinterested umpire; . . . The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. . . ."

On May 30, 1974, while the policy was in force, the property was damaged by fire. A second fire occurred on the property on July 15, 1974. When Klubnikin and California Fair Plan were unable to agree on the actual cash value or amount of loss, Klubnikin invoked the appraisal procedure. Over the disagreement of the appraiser selected by Klubnikin, the appraiser designated by California Fair Plan and the umpire determined that as to the loss of May 30, the actual cash value was $5,000, the loss and damage was $18,000, and "[t]he demolition and debris removal" was $1,600. The Fair Plan designee and the umpire also

determined that as to the loss of July 15, the actual cash value and the loss and damage were both "zero."

The appraiser selected by California Fair Plan and the umpire executed an award indicating their determination of the actual cash value and the amount of loss. This award of the appraisers was issued in writing on April 8, 1975, and was served on Klubnikin on April 15, 1975. Klubnikin did not file a petition to vacate the award. On May 29, 1975, he filed an action for breach of contract asserting that California Fair Plan had breached its obligation to pay the amount required under the policy. The complaint alleged that the appraisal was conducted in an improper and unfair manner because of a failure to give plaintiff adequate notice and opportunity to be heard. The complaint also alleged that the appraiser and umpire exceeded their power under the submission by attempting to resolve questions of coverage, the nature of the property involved, and the interpretation of the policy. The file copy of the complaint does not bear the stamp that summons was issued.

On October 8, 1975, well after the 100-day period following the award of the appraiser and umpire, Klubnikin filed an amended complaint asserting the same charging allegations, but adding a cause of action for declaratory relief. The file copy of the amended complaint bears the stamp "Summons Issued."

California Fair Plan filed its answer to the amended complaint denying its charging allegations and asserting the affirmative defense that Klubnikin's action on the insurance contract was barred because Klubnikin had not served and filed a petition to vacate the appraisers' award within the 100-day period following service of a signed copy of the award as required by Code of Civil Procedure sections 1286.4 and 1288. On August 27, 1976, California Fair Plan filed its petition to confirm the "arbitration award" of the appraisers. On November 8, 1976, it moved for summary judgment in the case at bench. The motion was based upon an assertion that California Fair Plan's petition to confirm the arbitration award had been granted. The trial court's judgment sustaining the petition was in fact entered on November 9, after the notice of motion for summary judgment on Klubnikin's amended complaint but before the motion was heard.

Notice of entry of the judgment confirming the arbitration award was given on November 10, 1976. The record does not indicate any appeal from that judgment.

Klubnikin's opposition to the motion for summary judgment consisted of his declaration to the effect that the insured property had always been used as a church and a declaration of the appraiser selected by Klubnikin to the effect that the property had not been valued by the other appraiser and umpire as a church. The Klubnikin appraiser also declared that the appraiser and umpire reached their result without giving notice of hearing to the parties, conducting a hearing, or examining witnesses, but rather based upon information independently obtained by each of them.

The trial court granted California Fair Plan's motion for summary judgment. This appeal from that judgment followed.

In their well-composed briefs, the parties mutually join issue on the critical point of this appeal—whether the provisions of Code of Civil Procedure section 1280 et seq. should be read as permitting an attack upon the award of the appraiser and umpire by an independent action for breach of contract where the award has not been directly attacked by a petition to vacate or modify it served and filed within the statutory period.

The resolution of that issue depends upon the effect of 1961 amendments to California's arbitration statutes.

Prior to the 1961 amendments, the California Supreme Court in *Bewick* v. *Mecham* (1945) 26 Cal.2d 92, 97-98 [156 P.2d 757, 157 A.L.R. 1277], had excluded valuations, appraisals and similar proceedings from the scope of the arbitration statute. Under *Bewick*, the award of the appraisers and umpire selected according to the terms of a standard fire insurance policy could be attacked in an action for breach of the policy. (*Bewick* v. *Mecham, supra.*) Concluding that the basis for *Bewick* and similar decisions did not comport with the developed concept of specific enforceability of arbitration agreements, the Law Revision Commission in 1960 recommended that the California statute "be amended to include a provision which expressly extends the coverage of the statute to appraisals and valuation proceedings." (Recommendation and Study Relating to Arbitration, Appraisals and Valuations (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) p. G-35.)

Acting in response to the Law Revision Commission recommendation, the California Legislature in 1961 enacted Code of Civil Procedure section 1280. That section provides in pertinent part: "(a) 'Agreement' [to

arbitrate] includes . . . agreements providing for valuations, appraisals and similar proceedings . . . ."

■ We thus treat the confirmed award of the appraisers and umpire in the case at bench as a confirmed award in arbitration. (See *Jefferson Ins. Co.* v. *Superior Court* (1970) 3 Cal.3d 398, 401, fns. 2 and 4 [90 Cal.Rptr. 608, 475 P.2d 880].) As such, the judgment confirming the award "has the same force and effect as . . . a judgment in a civil action; . . . ." (Code Civ. Proc., § 1287.4.) The judgment is not subject to collateral attack except for grounds that would be available to attack any other civil judgment. (*Goldkette* v. *Daniel* (1945) 70 Cal.App.2d 96, 98-99 [160 P.2d 145].)

■ The binding res judicata effect of the confirmed award here bars the relief that Klubnikin seeks on this appeal. Klubnikin's remedy if he was dissatisfied with the award was a proceeding pursuant to Code of Civil Procedure sections 1286.2, 1286.4, 1286.6, and 1286.8 to vacate or correct it. (*Davis* v. *Calaway* (1975) 48 Cal.App.3d 309, 311 [121 Cal.Rptr. 570].) If Klubnikin did not serve and file a petition to vacate or a response to California Fair Plan's petition to confirm within the 100-day period from the date of service of the award as prescribed in Code of Civil Procedure sections 1288 and 1288.2, the award must be treated as final. (*Davis* v. *Calaway, supra,* 48 Cal.App.3d at p. 311.)

Here the record supports the trial court's conclusion that there is no triable issue of fact concerning Klubnikin's filing an action to vacate the award within the statutory 100-day period. Klubnikin's brief admits that the award was served upon him on April 15, 1976. His original complaint in the action at bench was filed on May 29, 1976, within 100 days of that date. The filing of the complaint alone, however, does not avoid the time bar of Code of Civil Procedure section 1288 even if we liberally construe the complaint to seek vacation or correction of the award rather than damages for breach of the insurance contract. Section 1288 requires that a petition to vacate or modify also be served within the 100-day period. No declaration filed in these proceedings suggests that the original complaint was ever served. The notation in the file that summons issued on the amended complaint which was filed long after the 100 days, when compared with the lack of a corresponding notation on the original complaint, supports a trial court inference that the original complaint was not served.

We therefore conclude that the binding consequences of the confirmed award of the appraisers and umpire, taken together with Klubnikin's failure to take timely action to vacate or modify the award, supports the action of the trial court in granting California Fair Plan's motion for summary judgment. We note that all authority cited by Klubnikin as leading to a contrary result deals with situations predating the 1961 amendments to the California arbitration statutes.

The judgment is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.