Norman J. GOLDBERG, an individual, Plaintiff—Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Mutual Company, Defendant—Appellee.

No. 02–57067.

D.C. No. CV–01–11193–EFS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2004.*

Decided Feb. 17, 2004.

Richard I. Fine, Law Offices of Richard I. Fine and Associates, Beverly Hills, CA, for Plaintiff–Appellant.

James R. Robie, Robie & Matthai, Los Angeles, CA, Howard O. Boltz, Jr., Bryan Cave LLP, Santa Monica, CA, Pamela E. Dunn, Daniel J. Koes, Dunn Koes LLP, Pasadena, CA, for Defendants–Appellees.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM**

The policy terms governing appraisal in Goldberg's earthquake insurance contract with State Farm are "substantially equivalent," Cal. Ins.Code § 2070, to California

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Insurance Code § 2071, which requires that any dispute over the calculation of losses be settled by appraisal. *See Cmty. Assisting Recovery v. Aegis Sec. Ins. Co.,* 92 Cal.App.4th 886, 893, 112 Cal.Rptr.2d 304 (Cal.Ct.App.2001). None of the linguistic differences between the relevant provisions of Goldberg's State Farm policy and § 2071 meaningfully distinguishes them. *See Louise Gardens v. Truck Ins. Exch., Inc.,* 82 Cal.App.4th 648, 652 n. 3, 98 Cal.Rptr.2d 378 (Cal.Ct.App.2000). Because Goldberg failed to get an appraisal, as required, his claim against State Farm fails.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.