[No. A116302. First Dist., Div. Two. May 20, 2008.]

DEVONWOOD CONDOMINIUM OWNERS ASSOCIATION, Plaintiff and Respondent, v.
FARMERS INSURANCE EXCHANGE, Defendant and Appellant.

1500

## COUNSEL

Sarrail, Lynch & Hall and Linda J. Lynch for Defendant and Appellant.

Michel & Fackler, Michael D. Michel and Jeff M. Fackler for Plaintiff and Respondent.

## OPINION

**LAMBDEN, J.**—Appellant Farmers Insurance Exchange Association (Farmers), asks that we reverse or vacate the lower court's judgment for $129,939.87 in favor of respondent Devonwood Condominium Owners Association (Devonwood). We find the judgment violates Code of Civil

Procedure section 1287.4 because it does not conform to the appraisal award upon which it is based. Accordingly, we vacate the judgment, and remand with instructions to the lower court to enter a new judgment that conforms to the appraisal award.

## BACKGROUND

This dispute centers around Farmers's obligations under a written property insurance policy it issued to Devonwood, a California homeowners association. When a fire occurred in one of Devonwood's units, a Hercules, California condominium in 2004, Devonwood submitted a claim for fire damage to Farmers. When the parties could not agree on the value of the loss, Devonwood demanded that an appraisal be conducted by a panel pursuant to the policy's appraisal provision. The provision called for each party to select a competent and impartial appraiser, who together would select an umpire, and stated that "[a] decision agreed to by any two will be binding." Devonwood selected Keith Charleston as its appraiser, Farmers selected Peter Evans, and the two selected Gene Roberts as the umpire.

This appraisal panel, after holding hearings and considering evidence submitted by the parties, issued a unanimous written "appraisal of insurance claim award" in June 2006. The panel stated that it had considered all material facts and available information pertaining to Devonwood's claim, and decided on "an appraisal Award as described below which in the appraisal panel's opinion restores the building to its pre-loss condition," based on the condition of the property in April 2005. The panel then stated two categories of replacement cost values. The first, the "replacement cost value of fire-related structure damage, exclusive of floor coverings, ceiling coverings (including paint), and wall coverings (including paint) in the residential unit," totaled $122,460.65. The second category, the "replacement cost value of interior painting of walls and ceilings due to fire-related structure damage," totaled $7,479.22. The panel also stated in relevant part: "Attached to this award is a breakdown which sets forth those items included herein. This breakdown sets forth the above award in detail and is made without consideration of any deductible amount or any coverage or other provision of the above policy which might affect the amount of the insurer's liability thereunder. . . ."

Devonwood subsequently filed a petition to confirm the appraisal award in Contra Costa County Superior Court. Farmers opposed the petition, arguing the requested order "would necessarily create liability to pay the assigned valuation irrespective of coverage issues and the applicable deductible, all contrary to the clear dictates" of the appraisal award, and "would necessarily

require the determination of coverage issues such that in addition to determining the amount of loss . . . said order would create Farmers's liability for the loss, an issue of coverage," although the appraisal panel had no authority to resolve any coverage issues. Farmers requested the appraisal award either be corrected pursuant to Code of Civil Procedure section 1286.6, subdivision (b) (providing for the correcting of an award without affecting the merits of the decision because the arbitrators exceeded their powers), or vacated based on Code of Civil Procedure section 1286.2, subdivision (a)(4) (also based on the arbitrators exceeding their powers).[1]

At the heart of Farmers's opposition was its contention that it was not obligated under the policy to pay for painting interior areas. According to a declaration by Farmers's attorney, Linda J. Lynch, "during the course of the appraisal hearing, the policy provision which stipulates there is no coverage for interior finishes was discussed. [Farmers] indicated to all attendees and the panel that provision would affect how much [Farmers] paid on the claim. . . . [T]here was a lack of consensus between Devonwood and [Farmers] as to exactly how that provision applied in this context of this claim. At no time was that coverage issue submitted for resolution by the appraisal panel . . . . In fact, the appraisal panel members advised they could not resolve that or any other coverage issue and informed us that they would segregate and separately value the different elements of damage and segregate the award so the parties could determine their rights and obligations under the policy."

Farmers also submitted declarations from the appraiser it selected for the panel, Peter Evans, the panel's umpire, Gene Roberts, and Noelle Stitt, a Farmers claims representative. As a part of its reply, Devonwood submitted extensive written objections to the declarations of Lynch, Evans, Roberts, and Stitt.

The superior court heard argument and issued a written statement of decision. It found that an agreement to conduct an appraisal contained within an insurance policy constituted an arbitration agreement subject to the statutory law regarding contractual arbitrations, that Farmers had conceded that the appraisal panel had not addressed any coverage issues, that Farmers's opposition did not cite any statutory bases for the court to dismiss, correct, or vacate the award, that none were present, and that it was required by statute to confirm the award. The court sustained Devonwood's objections to the declarations of Evans and Roberts and most of Stitt's, and overruled most of

---

[1] Farmers also argued the petition should be dismissed because it was filed in the wrong venue, an issue it does not raise on appeal.

the objections to Lynch's declaration. It confirmed the appraisal award in the amount of $129,939.87.

Devonwood then submitted a proposed judgment. Farmers filed objections to the statement of decision and proposed judgment, arguing many of the positions it raises in this appeal. It requested that, if the court issued judgment, it do so based on what Farmers considered to be the entire award, including the appraisal panel's statement that it was not determining any coverage issues, or that the court issue a conditional award that required the parties to resolve themselves or through a more formal venue the issue of coverage.

The court issued an order granting Devonwood's petition, confirming the appraisal award, and awarding Devonwood judgment in the sum of $129,939.87, as well as the costs of its petition. It then entered judgment for Devonwood in the amount of $129,939.87, and awarded it costs. Farmers subsequently filed a timely notice of appeal.

## DISCUSSION

Farmers asks that we reverse or vacate the judgment on several grounds. It argues that the judgment does not conform to the appraisal award, contrary to the dictates of Code of Civil Procedure section 1287.4; that even if the judgment so conforms, the appraisal panel necessarily exceeded its powers by determining coverage issues; and that an appraisal award issued pursuant to Insurance Code section 2071 (section 2071) may not be entered as a money judgment following its confirmation pursuant to Code of Civil Procedure sections 1286 and 1287.4. Farmers also argues the lower court erred when it excluded the declarations of Evans, Roberts, and Stitt.

Devonwood opposes Farmers's arguments. It also moves for sanctions against Farmers for filing a frivolous appeal.

We conclude the lower court's judgment did not conform to the appraisal award in violation of Code of Civil Procedure section 1287.4 and, therefore, must be vacated.

We are faced with a pure question of law, that being whether or not the court's judgment complies with the requirements of Code of Civil Procedure section 1287.4 based upon the undisputed facts in the record. Therefore, our standard of review is de novo. (*Louise Gardens of Encino Homeowners' Assn., Inc. v. Truck Ins. Exchange, Inc.* (2000) 82 Cal.App.4th 648, 657 [98

Cal.Rptr.2d 378] (*Louise Gardens*) [applying de novo review of issues regarding an appraisal award that "primarily involve the interpretation of relevant statutes"]; *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 65 [118 Cal.Rptr.2d 405] [de novo review appropriate for analysis and interpretation of statutes and their application to undisputed facts].)

The parties do not dispute that the appraisal award was issued by an appraisal panel duly appointed pursuant to their contractual agreement, or that this award was a binding determination of the "amount of loss."[2] They also do not dispute that their contractual agreement regarding this appraisal award is consistent with the language contained in the standard form fire insurance policy of section 2071.[3] The statutory framework contained in the Insurance Code is key to understanding what the court was required to do here.

■ "California courts have enforced appraisal clauses in fire insurance policies for almost 100 years." (*Appalachian Insurance Co. v. Rivcom Corp.* (1982) 130 Cal.App.3d 818, 824 [182 Cal.Rptr. 11].) "Since its substance was first enacted in 1909, . . . section 2071 has directed that the standard form for fire insurance policies include an appraisal provision to settle disagreements concerning the amount of loss." (*Gebers v. State Farm General Ins. Co.* (1995) 38 Cal.App.4th 1648, 1651 [45 Cal.Rptr.2d 725], [quoted in *Kacha v. Allstate Ins. Co.* (2006) 140 Cal.App.4th 1023, 1032 [45 Cal.Rptr.3d 92]].) " ' "The function of appraisers is to determine the amount of damage resulting to

---

[2] The record does not contain a complete insurance policy executed by the parties. Nonetheless, according to the parties, the appraisal provision states in relevant part: "If we and you disagree on the amount of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. . . . The appraisers will state separately the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding."

The provision also states that "[i]f there is an appraisal, we will still retain our right to deny the claim."

[3] The appraisal provision in the standard form policy contained in section 2071 states in relevant part: "In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the request. Where the request is accepted, the appraisers shall first select a competent and disinterested umpire . . . . Appraisal proceedings are informal unless the insured and this company mutually agree otherwise. For purposes of this section, 'informal' means that no formal discovery shall be conducted . . . no formal rules of evidence shall be applied, and no court reporter shall be used for the proceedings. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss."

various items submitted for their consideration. It is certainly not their function to resolve questions of coverage and interpret provisions of the policy." ' " (*Kacha v. Allstate Ins. Co.*, at p. 1032, italics omitted; see also *Figi v. New Hampshire Ins. Co.* (1980) 108 Cal.App.3d 772, 777 [166 Cal.Rptr. 774] [acknowledging that a policy appraiser "only evaluates the loss and does not consider questions of policy, interpretation or scope of coverage"]; *Safeco Ins. Co. v. Sharma* (1984) 160 Cal.App.3d 1060, 1065 [207 Cal.Rptr. 104] [approvingly quoting from a case that states the appraiser " 'only evaluates the loss' "]; *Lewis Food Co. v. Fireman's Fund Ins. Co.* (1962) 207 Cal.App.2d 515, 520–521 [24 Cal.Rptr. 557] [the function of appraisers is " 'to determine the amount of damage,' " not " '*resolve questions of coverage and interpret provisions of the policy*' "].)

■ Generally, appraisal award proceedings are subject to the arbitration provisions outlined in the California Arbitration Act, Code of Civil Procedure section 1280 et seq. "An agreement to conduct an appraisal contained in a policy of insurance constitutes an 'agreement' within the meaning of section 1280, subdivision (a), and therefore is considered to be an arbitration agreement subject to the statutory contractual arbitration law." (*Louise Gardens, supra*, 82 Cal.App.4th at p. 658, fn. omitted; accord, *Michael v. Aetna Life & Casualty Ins. Co.* (2001) 88 Cal.App.4th 925, 934 [106 Cal.Rptr.2d 240].) However, while "*arbitrators* are frequently, by the terms of the agreement providing for arbitration . . . given broad powers . . . *appraisers* generally have more limited powers." (*Jefferson Ins. Co. v. Superior Court* (1970) 3 Cal.3d 398, 403 [90 Cal.Rptr. 608, 475 P.2d 880], citation omitted.) Thus, as discussed earlier this year by our colleagues in Division Four, "parties are . . . free to confirm the [appraisal] award issued by the [appraisal] panel in the same manner in which an arbitration award is enforced. [Citations.] A confirmed award of appraisers and umpire is treated as a confirmed arbitration award, which has the ' "same force and effect as . . . a judgment in a civil action." ' [Citation.] Although it is true that a party to a fire insurance contract retains jury trial rights as to other issues, the party 'simply has no jury trial right as regards the setting of the dollar amount of the loss under the policy.' " (*Lambert v. Carneghi* (2008) 158 Cal.App.4th 1120, 1132 [70 Cal.Rptr.3d 626].)

■ A party may petition the court to confirm, vacate or correct an appraisal award (Code Civ. Proc., § 1285), and a responding party may seek dismissal of the petition, or ask the court to confirm, vacate, or correct the award as well (Code Civ. Proc., § 1285.2). (See *Louise Gardens, supra*, 82 Cal.App.4th at p. 658.) The court "shall confirm the award as made . . . unless . . . it corrects the award and confirms it as corrected, vacates the award or dismisses the proceedings." (Code Civ. Proc., § 1286.) "If an award

is confirmed, judgment shall be entered in conformity therewith. The judgment so entered has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification." (Code Civ. Proc., § 1287.4.)

In the petition proceedings below, the court's order confirming the appraisal award attached a copy of the appraisal award and stated that it was confirmed. On appeal, Farmers does not contend in its Code of Civil Procedure section 1287.4 argument that the court's order of confirmation was out of compliance with the appraisal award; to the contrary, it states that "the order of confirmation complied with the dictates of Code of Civil Procedure section 1286; it confirmed the appraisal award as it had been made."

■ However, Farmers argues that the court's subsequent judgment violated Code of Civil Procedure section 1287.4 because the judgment did not conform to the appraisal award. We agree. In its judgment, the court awarded Devonwood the sum of $129,939.87, thereby finding Farmers liable for that amount. This was not in conformity with the appraisal award. As we have already discussed, the award determined two categories of replacement cost values, they being $122,460.65 for fire-related structure damage exclusive of floor, ceiling, and wall coverings, including paint, in the residential unit, and $7,479.22 for interior painting of walls and ceilings due to fire-related structure damage, which together would "restore the building to its pre-loss condition." The panel also stated that its breakdown of the award was made "without consideration of any deductible amount or any coverage or other provision of the . . . policy which might affect the amount of the insurer's liability thereunder." Thus, it is clear from the face of the award that the appraisal panel, in keeping with the limitations in the subject policy between them and the standard form policy in section 2071, did not decide any liability issues. Instead, they merely determined the "loss," i.e., the replacement cost values, resulting from the fire. Under these circumstances, the court's statutory authority was limited to the issuance of a judgment which brought finality to the dollar amount of the replacement cost values, and nothing more. It went beyond this authority in its judgment.

A judgment that is limited to replacement cost values would be in keeping with the approach taken in the only published case in California discussing an appraisal award and a money judgment. In *Louise Gardens, supra,* 82 Cal.App.4th 648, the appellate court reviewed a lower court's judgment after confirmation of an appraisal award that had determined an insured's cash

value loss due to earthquake damage. The lower court's judgment stated, " 'This is not a money judgment and only confirms the matters determined by the appraisal.' " (*Id.* at p. 656, italics omitted.) The appellate court, after reviewing the issues raised by the parties, affirmed the judgment, stating that "[t]he appraisal award will thus become final and binding on both parties as a measure of the cash value of the loss sustained . . . ."[4] (82 Cal.App.4th at p. 661.)

Devonwood argues that "entry of judgment on a confirmed arbitration award is mandatory pursuant to section 1287.4," that "[t]he appraisal panel unanimously determined that the amount of Devonwood's loss to the insured property due to the covered peril of fire was $129,939.87," and that "Devonwood was entitled to judgment on the confirmed appraisal award for the full amount of the award, pursuant to Code of Civil Procedure section 1287.4." Devonwood is correct up to a point. It is entitled to entry of judgment on the confirmed appraisal award. However, Devonwood relies largely on the argument that Farmers's mere raising of a coverage issue should not allow it to avoid the requirements of the California Arbitration Act. In doing so, Devonwood fails to address the crux of Farmers's argument about the court's judgment, which is that Devonwood is not entitled to a judgment under the California Arbitration Act that holds Farmers liable for the amount stated in the award because the award itself does not determine this liability. This is correct.

Devonwood's arguments regarding the other issues raised by Farmers follow a similarly unpersuasive line of analysis. For example, Devonwood argues at some length that Farmers provided no grounds for the trial court to correct or vacate the appraisal award and that the California Arbitration Act applies to appraisal awards, neither of which are put at issue by Farmers's Code of Civil Procedure section 1287.4 argument. It also argues that Farmers's coverage issue is meritless, which is not relevant to whether the court exceeded its authority to confirm the appraisal award as the award was issued.

Devonwood also does not present any case law which addresses Farmers's Code of Civil Procedure section 1287.4 argument. Devonwood contends, for example, that in *Klubnikin v. California Fair Plan Assn.* (1978) 84 Cal.App.3d 393 [148 Cal.Rptr. 563], it was determined that a "confirmed appraisal award establishes [an] insurer's contractual obligation and [an] insured's contractual

---

[4] As is suggested by this discussion, and that in *Lambert v. Carneghi, supra,* 158 Cal.App.4th at page 1132, which we quote at page 1505, *ante,* a judgment after confirmation of an appraisal award fixing the cash value of loss does not preclude further litigation on other issues between parties to an insurance policy.

damages and is not subject to collateral attack." This is incorrect. That case did not involve an appeal from a judgment on a confirmed appraisal award; instead, it was an insured's appeal from a summary judgment in a civil action for breach of contract and declaratory relief challenging the trial court's reliance on the actual cash value found in a confirmed appraisal award. (*Id.* at pp. 395–396.) The subject fire insurance policy insured certain property " 'to the extent of [its] actual cash value . . . at the time of loss' " (*id.* at p. 395), making the appraisal award's determination of actual cash value and loss particularly meaningful. The legal issue involved had nothing to do with the propriety of a trial court's judgment upon confirmation of an award; instead, "the critical point . . . [was] whether the provisions of Code of Civil Procedure section 1280 et seq. should be read as permitting an attack upon the award of the appraiser and umpire by an independent action for breach of contract where the award has not been directly attacked by a petition to vacate or modify it served and filed within the statutory period." (*Klubnikin, supra,* at p. 397.)

In the course of stating its decision, the appellate court reiterated that a confirmed appraisal award is treated as a confirmed award in arbitration, and that the judgment confirming the award has the same force and effect as a judgment in a civil action. (*Klubnikin v. California Fair Plan Assn., supra,* 84 Cal.App.3d at p. 398.) None of this is in dispute here. Thus the case provides no support for Devonwood's opposition to Farmers's attack on the judgment as inconsistent with the appraisal award itself. Other cases cited by Devonwood are similarly inapposite to the Code of Civil Procedure section 1287.4 issue.

In short, Devonwood does not sufficiently address the limited nature of the panel's determinations, which are plain from an examination of the appraisal award. Therefore, its opposition is unpersuasive.[5]

---

[5] In light of our ruling, we need not address the remaining issues that Farmers raises in its appeal. Technically, Farmers's appellate arguments about the lower court's evidentiary rulings relate to the court's confirmation of the award. Nonetheless, the excluded evidence relates to the same issues we have addressed herein, namely the limited scope of the appraisal award and the court's obligation to confirm that award as it was issued. To the extent Farmers might contend its arguments go beyond these issues, and assuming, without finding, error by the trial court in its evidentiary rulings, we conclude Farmers was not prejudiced beyond what we address herein. Even if the court had admitted and considered the evidence submitted by Farmers, it undoubtedly would have been required to confirm the appraisal award as it was issued.

## DISPOSITION

We vacate the judgment and remand this matter with instructions to the lower court to enter a new judgment that conforms to the arbitration award, consistent with this opinion. Devonwood's motion for sanctions against Farmers for filing a frivolous appeal is denied. Farmers is awarded costs of appeal.

Kline, P. J., and Haerle, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 30, 2008, S164471. George, C. J., did not participate therein.