**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED DARDASHTI, | No. 23-55191 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:22-cv-02002-SVW-MRW |
| STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 3, 2024
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,** District Judge.

After an incident involving a water pipe caused water damage to Fred

Dardashti's home, he filed a claim under his homeowners insurance policy (the

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

"Policy"). His insurance provider, State Farm General Insurance Company ("State Farm"), denied the claim. Dardashti sued State Farm for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* The district court granted partial summary judgment to State Farm on Dardashti's bad faith claim and his claim for punitive damages. On the eve of trial, State Farm admitted liability on the breach of contract claim, and Dardashti stated his intention to invoke the Policy's appraisal provision. The district court denied Dardashti's request. At trial, a jury awarded Dardashti $125,000 in damages—far less than the amount Dardashti sought but considerably more than the amount State Farm advocated. Dardashti appeals, challenging the grant of partial summary judgment, the denial of the appraisal request, and a jury instruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We review the district court's grant of summary judgment de novo, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), and review its denial of a motion to compel appraisal, including its determination that a party has waived the right to an appraisal, de novo, *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th

2

Cir. 2023) (addressing arbitration); *see Louise Gardens of Encino Homeowners' Ass'n, Inc. v. Truck Ins. Exch., Inc.*, 82 Cal.App.4th 648, 658 (2000) (explaining that, under California law, an "agreement to conduct an appraisal contained in a policy of insurance . . . is considered to be an arbitration agreement subject to the statutory contractual arbitration law"). When a litigant fails to contemporaneously object to a jury instruction, we review the challenged jury instruction for plain error. *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015).

1. The district court did not err in granting partial summary judgment to State Farm on Dardashti's bad faith claim and his request for punitive damages.

Dardashti failed to present evidence that would have enabled a reasonable jury to find that State Farm acted "unreasonabl[y] or without proper cause" in denying his claim under the Policy. *Shusha, Inc. v. Century-Nat'l Ins. Co.*, 87 Cal.App.5th 250, 267 (2022). The Policy's language indicates that whether a loss is covered depends not only on whether the water discharge from the pipe occurred suddenly, but also on whether the discharge did or did not cause or result in a "continuous or repeated seepage or leakage" that continued over any period of time. The record does not indicate that State Farm "ignore[d] evidence available to it which support[ed] the claim," *Mariscal v. Old Republic Life Ins. Co.*, 42 Cal.App.4th 1617, 1623 (1996), or

that it denied the claim "without fully investigating," *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1087 (Cal. 2007).

The district court did not err in holding that Dardashti is not entitled to punitive damages. Dardashti cannot recover punitive damages on his bad faith claim because State Farm is entitled to partial summary judgment on that claim, and proving the claim is a prerequisite to Dardashti's entitlement to corresponding punitive damages. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1164 (9th Cir. 2002); Cal Civ. Code § 3294(a). Punitive damages are not available for Dardashti's UCL claim because the UCL does not permit punitive damages. *See Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003). And Dardashti cannot recover punitive damages on his breach of contract claim because all of his other claims have been dismissed, and punitive damages are not available for a breach of contract claim alone. *See BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1247 (9th Cir. 2021).

2. The district court did not abuse its discretion when it directed the parties to proceed to trial after Dardashti stated an intention to invoke the Policy's appraisal provision. Under California law, when a party to an arbitration agreement "petition[s]" the court "alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy," the

court must order the parties to arbitrate "if it determines that an agreement to arbitrate the controversy exists[.]" Cal. Code Civ. P. § 1281.2. Dardashti announced his *intention* to invoke the arbitration provision, but there is no evidence that he ever invoked that provision or that he filed a petition for purposes of § 1281.2. He therefore has not shown that the district court abused its discretion.

3. The district court did not err when it omitted from the jury instruction on damages the portion of the parties' proposed jury instruction discussing "consequential physical damage." Because Dardashti did not lodge a timely objection to the manner in which the district court instructed the jury in this respect, *see* Fed. R. Civ. P. 51(c)(2), and because the "futile formal objection" exception does not apply, *McGonigle v. Combs*, 968 F.2d 810, 823 (9th Cir. 1992), we review for plain error, Rule 51(d)(2). Viewing the district court's damages jury instruction as a whole, we conclude that the "substance of the applicable law" was "fairly and correctly covered." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001) (quoting *In re Asbestos Cases*, 847 F.2d 523, 524 (9th Cir. 1988)). While the instruction did not include the exact words "consequential physical damage," the substance of the applicable law was fairly and correctly covered, and there was certainly no plain error.

**AFFIRMED.**