Filed 7/18/24  3H Investments v. Duncan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 3H INVESTMENTS, LLC, et al., | |
| Plaintiffs and Respondents, | G061947 |
| v. | (Super. Ct. No. 30-2019-01106394) |
| KATHLEEN DUNCAN, as Trustee, etc., et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Thomas Vogele & Associates, Thomas A. Vogele, Timothy M. Kowal and Brendan M. Loper for Defendants and Appellants.

Law Office of Grant K. Peto and Grant K. Peto for Plaintiffs and Respondents.

## INTRODUCTION

Kathleen Duncan appeals from a judgment entered after an arbitrator held that Duncan, as manager of Airport Storage, LLC, breached her fiduciary duties to the other members, Melissa Priest, Richard Priest, and 3H Investments, LLC (3H), (collectively respondents). The arbitrator ruled that Airport Storage should be wound up, appointed respondents to do the winding up, awarded $176,280 in withheld distributions to 3H, and awarded attorney fees and costs to respondents.

When it came time to confirm the award and enter judgment, Duncan objected that the proposed judgment did not address indemnification, to which she claimed she was entitled as Airport Storage's manager. Determining that the arbitration award as issued in its final form (including attorney fees and costs) did not include a ruling on indemnification, the trial court refused to include it in the judgment. Duncan has appealed from the judgment, arguing that it must include indemnification for her.

We affirm the judgment as entered. The arbitration award did not include a ruling that Duncan was entitled to indemnification, and it would have constituted error for the trial court to add a provision to the judgment not included in the award. The Code of Civil Procedure requires the trial court to confirm an arbitration award "as made" and to enter a judgment "in conformity" with the award. That is what the trial court did.

## FACTS

In 2006, Duncan, Chris Hoskins, and Melissa and Richard Priest took title to a self-storage center in Chico, Apple Mini Storage. They formed Airport Storage in 2008, with Duncan holding the majority interest in the limited liability company. They signed but did not record a quitclaim deed transferring their interests in the property to Airport Storage.

In 2008, Hoskins replaced Airport Storage's management company, Bayview Investments, with Reliable Property Management, a company he owned with a business partner, Brian Hauser. Hauser proceeded to embezzle $70,000 from the

2

company.  Duncan took over management in 2010.  In 2011, Hoskins assigned his interest in Airport Storage to 3H.

In 2016, Duncan sued Hoskins based on allegations that do not directly involve Airport Storage.  In 2019, respondents sued Duncan and Airport Storage.  Pursuant to a provision in the company's operating agreement, the matter was sent to arbitration.

A hearing in arbitration was held from September 20 to September 23, 2021.  After the hearing, the parties filed postarbitration briefs, in which they made their requests to the arbitrator as to the provisions of the award.

According to the arbitrator, "[m]any facts and disputed assertions regarding the management of the business were presented at the arbitration hearing."  Among these were disagreements about characterizations of roof repairs as expenses rather than capital improvements and about members' access to company financial records.  The arbitrator mentioned other disputes, but held that the award "will be limited in length as that is all that is necessary for proper resolution."

The core of the claims against Duncan was the alleged breach of her fiduciary duty to other members as company manager.  The arbitrator found that respondents' witnesses were "more credible over all" and that Melissa Priest and Richard Priest "were particularly believable in their concerns about Duncan's self-interested conduct hurting their modest retirement investment."  He also found respondents' expert "particularly credible" in pointing out breaches of Duncan's fiduciary duty.  She ignored Hoskins' assignment of his interest in Airport Storage to 3H, damaging him by continuing to issue distribution checks and K-1 forms to him personally.[1]  Her actions during efforts to sell Airport Storage's real property improperly favored her unrelated personal interests and she withheld company records from respondents.  The arbitrator

_____

[1]     In the introduction to her opening brief, Duncan refers to this aspect of the arbitration award as if it were the sole finding against her and as if the sole penalty ordered was to "correct the distribution problem."

3

concluded that she had thereby "breached her fiduciary duties of loyalty, care, and good faith."

The arbitrator ruled that Airport Storage had to be dissolved, and he appointed respondents to wind it up. He awarded $176,280 in withheld distributions to 3H and costs to respondents. He also stated respondents "have not sufficiently established their other claims." For her part, Duncan asked to be allowed to buy out the other parties if Airport Storage was to be dissolved. The arbitrator ruled that she could return to the arbitrator to ask for this relief if the matter could not otherwise be resolved.

After the arbitration award was issued in November 2021, a further hearing took place on January 26, 2022, concerning additional motions briefed during December 2021. By agreement, the parties had defined the additional issues to be decided by the arbitrator to include (among other things) respondents' "Costs Motion," which in turn included requests for an award of costs and prejudgment interest, and a request Duncan "return [Airport Storage] funds used to defend the action."[2] The parties agreed to baseball arbitration as to attorney fees to be awarded to respondents as prevailing parties.

The arbitrator issued his order on concluding matters on March 28, 2022. The order confirmed the amount of wrongfully withheld distributions ($176,280), denied prejudgment interest, calculated costs ($11,240), and awarded attorney fees of $211,600. Concerning respondents' request that Duncan be ordered to return Airport Storage funds used to defend the action, the arbitrator stated, "[respondents] seek a ruling that 'Duncan is not entitled to indemnity for her active negligence and breaches of fiduciary duties to [respondents].' [Citation.] This raises difficult issues. It was appropriately raised by [respondents] in their Post-Arbitration Opening Brief, and accordingly fully considered by the Arbitrator in issuing the Arbitration Award. The Arbitrator sought equity in ruling on the various requests for damages, particularly as related to fiduciary issues. The

_____

[2] Respondents' motion asserted "Duncan improperly and secretly paid at least $165,063.84 directly out of [Airport Storage] funds for her own attorneys' fees and costs unsuccessfully defending this action."

4

amount at issue in Section 3.1 was awarded and other amounts were not. The fiduciary in this case faced difficult challenges, such as the embezzlement by Hausner, the business partner of Hoskins. True, at times, her performance was improper in these difficult circumstances. But the Arbitrator considered all these difficult circumstances in making the Award and [respondents'] burden of proof, and it is inappropriate now to change that Award. [¶] The Arbitrator DENIES [respondents] the relief sought denying indemnity to Duncan."

In April 2022, respondents made yet another motion before the arbitrator, to rule on two "'issues presented but not yet determined.'" The first issue was whether Duncan or Airport Storage should pay the $211,600 in attorney fees and $11,240 in costs the arbitrator had awarded to respondents as the prevailing parties. The other was whether respondents were also entitled under the Airport Storage operating agreement to be awarded the costs of the arbitrator, court reporter costs, and expert costs. In response, the arbitrator noted, "[g]oing back to when the Arbitration Award was made, the Arbitrator looked to [respondents] to make argument on the allocation they now seek, but could not find any allocation argument sufficiently supported." The arbitrator observed that respondents "prevailed in their arbitration against . . . Duncan (perhaps in more than one capacity) and Airport Storage . . . . But [respondents] have not shown how the burden of payment should be allocated among [Duncan and Airport Storage]." He suggested that, "[i]f the parties cannot work out an allocation," the disputed amount could be placed in escrow for formal briefing or determined through another baseball arbitration.

The arbitrator then noted respondents "also argue that the Arbitrator failed to determine other issues. Not so. For many reasons, including those described in [Duncan and Airport Storage's] [o]pposition, the Arbitrator carefully considered and determined all issues properly presented to him. As one example, the issue of indemnification continues to be raised, but the Arbitrator has addressed and ruled upon

5

that issue numerous times." He also stated respondents "look to provisions concerning costs in the paragraph 12.10 of the [o]perating [a]greement, but those costs must be *reasonable*. The Arbitrator finds that it was not sufficiently shown that some requested costs were reasonably incurred in this matter that could have been much simpler and less expensive. Also, Paragraph 12.5 of the [Airport Storage] [o]perating [a]greement states that 'costs of the arbitration . . . shall be borne equally by the parties to the arbitration.' The relationship of this clause with other clauses and the law has not been sufficiently reviewed. Again, the Arbitrator considered all matters presented to him, weighed a variety of competing concerns, including burdens of proof, reasonableness, and equities where appropriate, and decided all issues presented, including those [respondents] now argue may not have been determined." The arbitrator declined to grant the relief sought by the motion.

Respondents filed two ex parte applications to confirm the award. The trial court held a hearing on May 31, 2022, regarding the wording of the judgment. Duncan opposed the entry of the proposed judgment in part on the ground that it did not provide her entitlement to indemnification.

On August 25, 2022, the court entered judgment based on the arbitrator's award. The judgment (1) ordered the dissolution of Airport Storage, (2) appointed respondents to wind up the company, (3) awarded $176,280 to 3H, plus interest from the date of the judgment, and (4) awarded costs to respondents as prevailing parties, arbitration costs of $11,240, and attorney fees of $211,600. The judgment did not include a provision addressing indemnification. The trial court noted in its minute order granting the petition to confirm the award that, "[w]hile [respondents'] motion to deny indemnification was denied by the arbitrator, the arbitrator did not change the [a]ward."

## DISCUSSION

California law provides that a "court shall confirm the award as made, . . . unless . . . it corrects the award and confirms it as corrected, vacates the award

6

or dismisses the proceeding." (Code Civ. Proc., § 1286.)[3] "If an award is confirmed, judgment shall be entered in conformity therewith." (§ 1287.4.)

On appeal, Duncan argues the judgment was not entered "in conformity" with the award because the judgment does not provide that she is entitled to indemnification by Airport Storage.[4] According to Duncan, a "significant issue presented for arbitration was whether Duncan was entitled to be indemnified by Airport Storage for any sums paid," and "[b]y denying [r]espondents' request for an order that Duncan was not entitled to indemnification and was required to disgorge sums paid by Airport Storage for her defense, the Arbitrator's Award necessarily concluded that Duncan was, in fact, entitled to indemnification." Thus, Duncan contends "necessary language regarding indemnification" should be added to the judgment stating "that Duncan is entitled to indemnification or, alternatively, that [r]espondents request to disentitle Duncan to her right to indemnification was denied." We disagree.

As an initial matter, the arbitrator's language in the arbitration award and his two subsequent orders is ambiguous as it relates to indemnification. The arbitration award does not expressly mention indemnification, and in his subsequent order on concluding matters, the arbitrator stated he denied respondents "the relief sought denying indemnity to Duncan," but he did not rule that she *was* so entitled. In his next order, the arbitrator stated "the issue of indemnification continues to be raised, but the Arbitrator has addressed and ruled upon that issue numerous times[,]" without further describing which "issue of indemnification" he was referencing. When an award is ambiguous, we inspect the entire record to ascertain the arbitrator's meaning. (*Estate of Careaga* (1964)

---

[3] All further statutory references are to the Code of Civil Procedure.

[4] The Airport Storage operating agreement provides that "[Airport Storage] shall indemnify the Manager[] . . . who . . . is a party . . . to any . . . proceeding by reason of the fact that he or she is or was a Manager . . . to the fullest extent permitted by applicable law on the date hereof and to such greater extent as applicable law may hereafter from time to time permit." Duncan relies on this clause in the operating agreement as purportedly authorizing her indemnification. Respondents assert Duncan is not entitled to indemnification because she breached her fiduciary duties. We need not address the underlying merits of those arguments because of the limits of appellate review of arbitration awards.

7

61 Cal.2d 471, 475; *Los Angeles Local Etc. Bd. v. Stan's Drive-Ins, Inc.* (1955) 136 Cal.App.2d 89, 94.)

Having inspected the record before us,[5] we conclude that the arbitrator did not rule, one way or the other, whether Duncan was entitled to indemnification for any money she might personally pay.[6] The arbitrator's statement that he denied respondents "the relief sought denying indemnity to Duncan" referred to respondents' request for Duncan to return Airport Storage funds used to defend the action. Similarly, when the arbitrator subsequently stated he had ruled on the issue of indemnification numerous times, we interpret this as referring to his prior denial of respondents' request for Duncan to return Airport Storage funds used to defend the action. But denying a request that Duncan be ordered to reimburse Airport Storage for its money used to defend the action is not the same as ruling that Duncan is entitled to indemnification for any money she may personally pay, which is what Duncan essentially seeks to add to the judgment. Indeed, in one of his subsequent orders, the arbitrator even suggested formal briefing (or baseball arbitration) to determine how to allocate, as between Duncan and Airport Storage, who pays the amounts awarded to respondents. There would be no reason to suggest briefing on allocation if the arbitrator had already ruled, as Duncan contends, that

---

[5] Duncan requested judicial notice of three filings (including accompanying exhibits) from the trial court: (1) Duncan and Airport Storage's motion for an order compelling respondents to comply with Duncan and Airport Storage's demand to file and serve an acknowledgement of full satisfaction of judgment or, alternatively, partial satisfaction of judgment, (2) Duncan and Airport Storage's opposition to respondents' fee motion and amendment, and (3) respondents' opposition to Duncan's motion for contribution or indemnity. Among the exhibits are respondents' motions of December 2021 and April 2022 in the arbitration. We grant the request for judicial notice. While we do not "judicially notice the truth of the allegations in the pleadings and other documents filed with the superior court," we can "take judicial notice of the existence of the documents, and the fact that certain arguments were made by the parties therein." (*County of Los Angeles Child Support Services Dept. v. Superior Court* (2015) 243 Cal.App.4th 230, 241, fn. 4; see also *Brown v. TGS Management Co., LLC* (2020) 57 Cal.App.5th 303, 308, fn. 2 [granting request for judicial notice of arbitration transcripts].)

[6] This is hardly surprising, as the arbitrator was never asked to decide that issue. The costs motion filed by respondents only asked him to decide whether Duncan should be required to repay Airport Storage for the amounts *it had already paid* to defend the lawsuit. The arbitrator was not asked – indeed, could not have been asked – to decide whether Duncan was entitled to be indemnified by Airport Storage for the amounts she would personally pay to satisfy the judgment (including the withheld distributions, and the awards to respondents of their attorneys fees and costs). Duncan did not pay those amounts until after the sale closed in September – months after the arbitrator's award and his order and further order on concluding matters.

8

she was entitled to indemnification.  Finally, so far as this record indicates, Duncan herself never moved for a ruling from the arbitrator that she was entitled to indemnification for any money she might *personally* pay.[7]

The two cases Duncan cites to support her contention that the trial court should have modified the award to add a provision granting her indemnity militate against her argument.  *Devonwood Condominium Owners Assn. v. Farmers Ins. Exchange* (2008)162 Cal.App.4th 1498 (*Devonwood*) involved an insurance appraisal of loss by a panel of appraisers, which California law treats as a form of arbitration.  (*Id*. at pp. 1501, 1505.)  The appraisers stated that their final award dealt solely with damage – the amount that it would take to restore the insured structure to its pre-loss condition – and did not address coverage issues or liability.  (*Id.* at p. 1501.)  The trial court confirmed the appraisal, but then entered judgment against the insurer for the entire amount of the loss.  (*Id.* at p. 1503.)

The appellate court reversed.  The court pointed out that the only issue before the appraisers was the amount of the loss.  They had specifically declined to consider, for example, a deductible or any other coverage issues.  (*Devonwood, supra,* 162 Cal.App.4th at p. 1506.)  Therefore a judgment entered on the basis of the appraisal should have been confined to the amount of the loss.  (*Id.* at p. 1507.)  The appraisal did not encompass the issue of liability, and it was therefore error to issue a judgment holding the insurer liable for the entire loss.

In *SunLine Transit Agency v. Amalgamated Transit Union, Local 1277* (2010) 189 Cal.App.4th 292 (*SunLine*), a bus driver was reinstated after being terminated

---

[7]    Duncan also argues that, to the extent the arbitrator did not consider the issue of her full indemnification, it was because respondents conceded throughout the arbitration that only Airport Storage owed the $176,280 in withheld distributions.  In support of this argument, Duncan points to a footnote in respondents' motion to rule on issues presented but not yet determined from the arbitration, in which respondents asserted they "were also awarded $176,280 in withheld distributions.  It is uncontested that money is owed by the Company to 3H[.]"  However, the question on this appeal is whether the judgment was entered "in conformity" with the arbitration award.  *Respondents'* statement in that motion does not show that the *arbitrator* held Duncan was entitled to indemnification for the $176,280.

due to injury. (*Id.* at pp. 297, 301.) The arbitration award ordered reinstatement with back pay. (*Id.* at pp. 295-296, 301.) The trial court, however, inserted the following language into the judgment confirming the arbitration award: "[the driver] 'is judicially estopped later to claim continuing permanent disability benefits in the pending Workers' Compensation case.'" (*Id.* at p. 296.) The reviewing court agreed with the Union that the trial court had no authority to make this addition to the arbitration award. (*Id.* at p. 312.)

In this case, the trial court declined to enter a judgment that deviated from the arbitration award as issued by the arbitrator. The arbitrator made no provision in the award, one way or the other, as to whether Duncan is entitled to indemnification for any money she may personally pay. As in *Devonwood* and *SunLine*, it would have been error for the trial court to go beyond the arbitration award and add to the judgment that Duncan is entitled to indemnification.[8]

The arbitration is over, and the judgment as set out by the arbitrator has been entered. Section 1286 requires the trial court to confirm the award "as made." Section 1287.4 requires the trial court to enter judgment "in conformity" with the award. That is what the trial court did. Nothing in the record suggests that the judgment as entered should have been altered in any way to conform to the arbitrator's rulings.[9]

---

[8] Duncan's alternative request to add to the judgment "that [r]espondents request to disentitle Duncan to her right to indemnification was denied" fails for the same reasons. Duncan is seeking to add this language to support her erroneous argument that the arbitrator found she has a right to indemnification on any money she may personally pay.

[9] Respondents have included a request for attorney fees on appeal. Costs on appeal are recoverable under section 1034, subdivision (b). The procedure for seeking attorney fees on appeal is addressed in California Rules of Court, rule 3.1702(c). We generally do not award fees in the first instance except on a motion for sanctions for a frivolous appeal. (See Cal. Rules of Court, rule 8.276.) Here, we decline to determine in the first instance whether respondents are entitled to attorney fees on appeal, and if so, the amount.

10

## DISPOSITION

The judgment is affirmed.  Duncan's request for judicial notice is granted. Respondents are to recover their costs on appeal.


                                                                       BEDSWORTH, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.